FILED

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

2026 AUG 11  PM 1:54

DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

**MARZENA CHMIELEWSKA,** an Individual, Brand Designer, Brand Creator, and U.S. Trademark Registrant;

    **Plaintiff,**

v.

**THE COUNTRY CLUB (NORTHILL) LTD,** a Foreign Corporation incorporated in England;

**PATRICE BATES;** and

**KATHRYN MARGARET BATES,**

    **Defendants.**

Case No.: [To be assigned by Clerk]  2:26-cv-08912-JFW-SSC (x)

## PLAINTIFF'S EX PARTE MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS BY EMAIL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Marzena Chmielewska respectfully move this Court ex parte for an Order authorizing alternative service of process on Defendants by email, pursuant to Federal Rule of Civil Procedure 4(f)(3), simultaneously with or in lieu of service through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

Defendants are incorporated or resident in England. Service through the Hague Convention — to which the United Kingdom is a signatory — requires transmission through the English Central Authority and typically takes four to eight months to complete. Given that this Court has been asked to issue a Temporary Restraining Order enjoining Defendants' ongoing infringing conduct, the delay inherent in Hague Convention service would allow Defendants to continue causing irreparable harm to Plaintiff for months before being formally served.

Alternative service by email is appropriate here because: (1) Plaintiff has direct, documented evidence that the email address info@royalequestrian.co.uk is actively monitored and personally responded to by Defendant Kathryn Margaret Bates, a controlling officer of The Country Club (Northill) Ltd; (2) the same email address is the registered business contact for the corporate Defendant, published on its official website and associated with Companies

House registration number 10222950 and VAT No. GB 454 9176 63; (3) email service would provide Defendants with immediate actual notice of this proceeding; and (4) no international agreement applicable here prohibits email service.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(f)(3) authorizes service on a foreign individual or entity "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3). Service under Rule 4(f)(3) is neither a last resort nor disfavored — it is an equal alternative to the other methods set forth in Rule 4(f). *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002).

The only requirement under Rule 4(f)(3) is that the chosen method of service: (a) be directed by the court; and (b) not be prohibited by international agreement. *Rio Properties*, 284 F.3d at 1014. The court has broad discretion to authorize any method of service that is reasonably calculated to provide actual notice. *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950).

Courts in the Ninth Circuit routinely authorize email service under Rule 4(f)(3), particularly where: (i) the defendant operates an online business reachable by email; (ii) the plaintiff has demonstrated the email address is actively monitored; and (iii) traditional service would cause significant delay. See *Facebook, Inc. v. Banana Ads, LLC*, No. C-11-3619, 2012 WL 1038752 (N.D. Cal. Mar. 27, 2012); *FTC v. PCCare247 Inc.*, No. 12 Civ. 7189, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013).

## III. ARGUMENT

### A. Email Service Is Not Prohibited by Any International Agreement

The United Kingdom is a signatory to the Hague Service Convention. However, the Hague Convention does not expressly prohibit service by email. Article 10 of the Convention addresses alternative methods of service but does not enumerate email, and courts have consistently held that the Convention's silence on email does not constitute a prohibition. *Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011) ("The Hague Convention does not expressly prohibit service by email."). The United Kingdom has not objected to Article 10 in a manner that would bar email service authorized under Rule 4(f)(3). Email service is therefore permissible.

### B. The Email Address is Documented as Actively Monitored by a Controlling Officer

Plaintiff has direct, documented proof that the email address info@royalequestrian.co.uk is actively monitored and personally used by Defendant Kathryn Margaret Bates, a Director and controlling officer of Defendant The Country Club (Northill) Ltd.

Specifically, on or about November 3, 2025, Plaintiff sent a formal trademark assertion letter to Defendants at info@royalequestrian.co.uk. Defendant Kathryn Margaret Bates personally received that email and responded from the same address, signing her reply as "Kathryn,

Royal Team, Royal Equestrian." This documented exchange establishes beyond any doubt that:

> (i) The email address info@royalequestrian.co.uk is a functioning, active email account;

> (ii) The account is personally monitored by Defendant Kathryn Margaret Bates, a controlling officer of the corporate Defendant;

> (iii) Defendants' controlling officers receive and respond to communications sent to this address; and

> (iv) Service to this address will provide Defendants with immediate and certain actual notice of this proceeding.

This is not a generic email address that might go unread. It is the address through which the corporate Defendant conducts its official business communications and through which its controlling director personally communicated with Plaintiff regarding the very dispute that is the subject of this action.

Additionally, the email address info@royalequestrian.co.uk is publicly listed on the footer of Defendants' official website royalequestrian.co.uk alongside Companies House registration number 10222950 and VAT registration number GB 454 9176 63, confirming it is the official registered contact address for the corporate Defendant.

### C. Hague Convention Service Would Cause Unreasonable Delay and Ongoing Irreparable Harm

Service through the English Central Authority under the Hague Convention typically requires four to eight months in practice, and may take longer. During that entire period, Defendants would continue to:

> (i) Operate their online storefront under Plaintiff's registered trademark "Royal Equestrian," causing ongoing consumer confusion in the United States;

> (ii) Run 11 documented active Google Ads campaigns targeting U.S. consumers under Plaintiff's registered trademark name;

> (iii) Process U.S. consumer orders under Plaintiff's brand name, generating revenues to which Plaintiff is entitled through disgorgement; and

> (iv) Continue causing irreparable harm to Plaintiff's brand equity, consumer relationships, and commercial reputation that monetary damages cannot fully remedy.

This Court has been asked to issue a Temporary Restraining Order to halt this ongoing harm. That Order is of limited effect if Defendants are not served for six months. Email service would allow Defendants to receive actual notice of this proceeding and the Court's Order within days of filing, making the TRO effective immediately rather than months from now.

### D. Email Service Satisfies Due Process

The constitutional requirement for service of process is that it be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane*, 339 U.S. at 314. Email

service to info@royalequestrian.co.uk — an address documented as personally monitored by a controlling officer of the corporate Defendant — satisfies this standard. Defendants will have actual, immediate notice of this proceeding and full opportunity to respond.

Indeed, email service here provides more reliable actual notice than postal service through the Hague Convention, because: (i) the email address is proven to reach a controlling officer directly; (ii) email delivery is instantaneous; and (iii) Defendants are demonstrably email-responsive, having previously engaged in substantive correspondence at this address regarding this very dispute.

### E. Request for Simultaneous Service

Plaintiff requests authorization to serve Defendants by email simultaneously with initiating Hague Convention service, not instead of it entirely. This dual approach ensures that: (i) Defendants receive immediate actual notice by email; and (ii) formal Hague Convention service is completed as a belt-and-suspenders measure to ensure enforceability of any judgment in the United Kingdom.

## IV. PROPOSED METHOD OF ALTERNATIVE SERVICE

Plaintiff requests that the Court authorize the following method of alternative service:

**Email Address:** info@royalequestrian.co.uk

**Addressees:** The Country Club (Northill) Ltd (Companies House No. 10222950); Patrice Bates; and Kathryn Margaret Bates

Upon the Court's authorization, Plaintiff will send a single email to info@royalequestrian.co.uk with the following subject line:

**Subject:** OFFICIAL SERVICE OF PROCESS — United States District Court, Central District of California — Case No. [number] — Chmielewska et al. v. The Country Club (Northill) Ltd et al.

The email will attach the following documents in PDF format:

(1) The Complaint;

(2) The Summons;

(3) This Court's Temporary Restraining Order (if issued);

(4) Plaintiff's Ex Parte Application for TRO and supporting Memorandum;

(5) The Proposed Order;

(6) This Court's Order authorizing alternative service; and

(7) A cover letter identifying each document and stating Defendants' deadline to respond.

Plaintiff will file proof of email service with the Court within 24 hours of transmission, including a copy of the sent email and delivery confirmation.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court issue an Order:

(1) Authorizing Plaintiff to serve all Defendants by email at info@royalequestrian.co.uk, simultaneously with Hague Convention service;

(2) Confirming that such email service, upon completion, constitutes valid service of process on all Defendants for purposes of this action; and

(3) Providing that Defendants' deadline to respond to the Complaint runs from the date of email service.

Respectfully submitted,

MARZENA CHMIELEWSKA

Plaintiff In Pro Per

Los Angeles County, California

www.royalequestrian.net

Dated: 08/04/26