**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 26-8912-JFW(SSCx)**                    Date:  August 12, 2026

Title:       Marzena Chmielewska -v- The Country Club (Northill) Ltd., et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                      None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR: (1) TEMPORARY RESTRAINING ORDER; (2) ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION; AND (3) MANDATORY EVIDENCE PRESERVATION ORDER (ESI)**
**[filed 8/11/2026; Docket No. 3]**

On August 11, 2026, Plaintiff Marzena Chmielewska ("Plaintiff") filed an Ex Parte Application for: (1) Temporary Restraining Order; (2) Order to Show Cause Re: Preliminary Injunction; and (3) Mandatory Evidence Preservation Order (ESI) ("Application").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  After considering the moving papers, and the arguments therein, the Court rules as follows:

**I.       FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff alleges that she is the designer and creator of the luxury equestrian fashion brand "ROYAL EQUESTRIAN," and that she holds trademark registrations in the United States, the United Kingdom, the European Union, and Australia, including USPTO Registration Nos. 7,411,726 (figurative mark, Classes 18 and 25) and 8,293,519 (word mark, Class 35).  Plaintiff licenses the ROYAL EQUESTRIAN marks to House of Royal Group LLC, which serves as the exclusive commercial operator of the brand, conducting business throughout the United States and worldwide with its official global storefront at www.royalequestrian.net.

Plaintiff alleges that Defendant The Country Club (Northill) Ltd. is a multi-brand reseller that sells third-party equestrian products and that the company is controlled and operated by its two directors, Defendants Patrice Bates and Kathryn Margaret Bates. According to Plaintiff,

Defendants operate an online retail platform as well as social media accounts under the name "Royal Equestrian," using the domain royalequestrian.com and royal equestrian.co.uk, and the Instagram handle @royal_eq.  Plaintiff alleges that Defendants do not hold a trademark registration under the "Royal Equestrian" name in any jurisdiction.  According to Plaintiff, Defendants target United States' customers and that there is documented customer confusion in the United States.

Over nine months ago, on November 4, 2025, Plaintiff sent a cease and desist letter, and demanded that Defendants immediately and permanently cease all commercial use of the "Royal Equestrian" mark.  Defendants refused to comply.

In her Complaint filed on August 10, 2026, Plaintiff alleges the following claims for relief: (1) willful trademark infringement (15 U.S.C. § 1114); (2) federal false designation of origin and passing off (15 U.S.C. § 1125(a)); (3) federal trademark counterfeiting (15 U.S.C. §§ 1116, 1117); (4) California Statutory Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.); and (5) common law unfair competition.

Plaintiff now seeks an *ex parte* temporary restraining order that directs Defendants to immediately cease all commercial use of Plaintiff's registered trademark "Royal Equestrian" within the United States.  Plaintiff contends that providing advance notice to Defendants would create a material risk that Defendants would delete evidence, restructure operations, or otherwise undermine the relief sought before this Court can act.

## II.    LEGAL STANDARD

The standard for issuing a TRO and preliminary injunction under Federal Rule of Civil Procedure 65 is the same.  *Six v. Newsom*, 462 F. Supp. 3d 1060, 1067 (C.D. Cal. 2020) (citation omitted); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that a TRO and preliminary injunction involve "substantially identical" analysis).  Like a preliminary injunction, a TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).

Under *Winter*, a plaintiff seeking a TRO or preliminary injunction must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tip in its favor, and (4) that the public interest favors an injunction."  *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.,* 758 F.3d 1069, 1071 (9th Cir. 2014) (*citing Winter*, 555 U.S. at 20).  Courts in this circuit also employ "an alternative 'serious questions' standard, also known as the 'sliding scale' variant of the *Winter* standard" (*Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613, 635 (9th Cir. 2021)), in which the four *Winter* elements are "balanced, so that a stronger showing of one element may offset a weaker showing of another."  *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  Under this approach, a TRO or preliminary injunction may be warranted where there are "'serious questions going to the merits' and a hardship balance . . . tips sharply toward the plaintiff," and so long as the other *Winter* factors are also met.  *Id.* at 1132.

Initials of Deputy Clerk _jloz_

## III.   DISCUSSION

Pursuant to Local Rule 7-19.1, a plaintiff must "advise the Court in writing and under oath of efforts to contact other counsel and whether any other counsel, after such advice, opposes the application," but a plaintiff need not comply with Local Rule 7-19.1 if she can meet the requirements for a TRO without notice pursuant to Federal Rule of Civil Procedure 65(b)(1).  *See* Local Rules 7-19.1 and 7-19.2.  Federal Rule of Civil Procedure 65(b)(1) provides, in relevant part:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  In *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39 (1974), the Supreme Court explained that circumstances justifying the issuance of an ex parte order are extremely limited:

> The stringent restrictions imposed . . . by Rule 65 on the availability of *ex parte* temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.

A plaintiff faces an exceedingly high burden when seeking a temporary restraining order without notice.  *See Mission Power Engineering Company v. Continental Casualty Company*, 883 F. Supp. 488, 492 (C.D. Cal. 1995) (holding that to justify ex parte relief, "the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regularly noticed motion procedures").  In fact, the Ninth Circuit has stressed that "courts have recognized very few circumstances justifying the issuance of an ex parte TRO." *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006).  To justify the issuance of a temporary restraining order without notice, a plaintiff ordinarily "'must do more than assert that the adverse party would dispose of evidence if given notice'" and "'must show that defendants would have disregarded a direct court order . . . within the time it would take for a hearing . . . [and] must support such assertions by showing that the adverse party has a history of disposing of evidence or violating court orders.'"  *Id.* (quoting *First Tech. Safety Sys., Inc. v. Depinet*, 11 F.3d 641, 650-52 (6th Cir. 1993)).

In this case, Plaintiff is seeking the temporary restraining order without notice to Defendants on the grounds that Defendants have "demonstrated willingness to circumvent enforcement actions by recreating infringing social media accounts after platform takedowns."  Application at 8. Efforts to circumvent a takedown notice are not the same as violating a court order.  In any event, Plaintiff's claim that immediate and irreparable injury will result before Defendants can be heard in opposition is undermined by her delay in seeking relief.  Indeed, a plaintiff's delay in seeking relief weighs heavily against granting a temporary restraining order.  *See Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm"); *Lydo Enters., Inc. v. City of*

Initials of Deputy Clerk   jloz

*Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief"); *Hi-Rise Technology, Inc. v. Amateurindex.com*, 2007 WL 1847249, at * 4 (W.D. Wash. June 27, 2007) ("Such a long delay in seeking relief weights against granting a temporary restraining order or a preliminary injunction."). In this case, although Plaintiff sent a cease and desist letter on November 3, 2025, she waited over nine months to file this action.  In light of Plaintiff's delay in seeking relief, the Court concludes that Plaintiff has failed to meet her high burden of demonstrating that a temporary restraining order should issue without notice and an opportunity to be heard.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff's Application is **DENIED**.

IT IS SO ORDERED.

Initials of Deputy Clerk  _jloz_