**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.   **CV 26-8912-JFW(SSCx)**                    Date:  August 12, 2026

Title:        Marzena Chmielewska -v- The Country Club (Northill) Ltd., et al.

---

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Julieta Lozano** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
                    None                                                        None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR ORDER AUTHORIZING ALTERNATIVE SERVICE OF PROCESS BY EMAIL PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) [filed 8/11/2026; Docket No. 5]**

On August 11, 2026, Plaintiff Marzena Chmielewska ("Plaintiff") filed an Ex Parte Motion for Order Authorizing Alternative Service of Process by Email Pursuant to Federal Rule of Civil Procedure 4(f)(3) ("Motion").  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. After considering the moving papers, and the arguments therein, the Court rules as follows:

Plaintiff seeks, pursuant to Fed. R. Civ. P. 4(f)(3), an order permitting Plaintiff to effectuate service of process on Defendants The Country Club (Northill) Ltd., Patrice Bates, and Kathryn Margaret Bates (collectively, "Defendants") via email.   Importantly, the Court may authorize service by e-mail under Federal Rule of Civil Procedure 4(f)(3), only if service by that means is "not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3).

Defendant The Country Club (Northill) Ltd. is incorporated under the laws of England, and Defendants Patrice Bates and Kathryn Margaret Bates are residents of England. The United Kingdom and the United States are both signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163 ("Hague Convention" or the "Convention").  Service under the Hague Convention is mandatory for all "civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." Hague Convention, Art. 1. "Although compliance with the Convention is mandatory in all cases to which it applies, there are several scenarios in which its channels of service may be bypassed." *Facebook, Inc. v. 9 Xiu*

Initials of Deputy Clerk _jloz_

*Network (Shenzhen) Tech. Co.*, 480 F. Supp. 3d 977, 980 (N.D. Cal. 2020) For example, in the "case of urgency," the Convention permits courts to enter "provisional or protective measures." Hague Convention, Art. 15.  Such measures have been interpreted to include "special forms of service." Notes of Advisory Committee on 1993 Amendment to Rule 4, subdivision (f)(3); *Facebook*, 480 F. Supp. 3d at 980.

"The primary means by which service is accomplished under the Hague Convention is through a receiving country's 'Central Authority.'" *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).  In addition to service through a country's Central Authority, Article 10 of the Hague Convention allows service of process by alternative means, including personal service or service by postal channels "[p]rovided the State of destination does not object."  Hague Convention, Art. 10.  Specifically, Article 10 provides:

> Provided the State of destination does not object, the present Convention shall not interfere with – (a) the freedom to send judicial documents, by postal channels, directly to persons abroad, (b) the freedom of judicial officers, officials, or other competent persons of the State of origin to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination, (c) the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination.

Hague Convention, art. 10.  In other words, "Article 10 of the Convention permits other means of service *bypassing the Central Authority*, but signatory countries may opt out of Article 10 (in part or in whole)." *Maxell Holdings, Ltd. v. Amperex Tech. Ltd.*, 2022 WL 1176723, at *8 (W.D.Tex. Feb. 9, 2022)(emphasis added). The United Kingdom has not opted out of Article 10(a).

Pursuant to Fed. R. Civ. P. 4(f)(3), the Court may authorize service by e-mail only if it is not prohibited by international agreement. There is a split in authority as to whether the Hague Convention prohibits service by e-mail.  *See, e.g., Dongguan Naquan E-Com. Co. v. Binovo Mfg. Co.*, 350 F.R.D. 648, 652 (W.D. Wash. 2025).

In any event, the Court declines to exercise its discretion to authorize service by e-mail. Although service of process under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002), the "task of determining when the particularities and necessities of a given case require alternative service of process under Rule 4(f)(3)" is committed to "the sound discretion of the district court." *Id.* at 1016.  "Courts consider a variety of factors when assessing need, including whether the plaintiff identified a physical address for the defendant, whether the defendant was evading service of process, . . . whether the plaintiff had previously been in contact with the defendant, and efforts taken to identify a physical address for the defendant." *Dongguan Naquan E-Com. Co. v. Binovo Mfg. Co.*, 350 F.R.D. 648, 654 (W.D. Wash. 2025) (cleaned up).

In this case, Plaintiff contends that service through the English Central Authority typically takes four to eight months to complete, and that such delay would allow Defendants to continue causing irreparable harm to Plaintiff for months before being formally served.  In this case, Plaintiff sent a cease and desist letter over nine months before filing this action, and her delay undermines

Initials of Deputy Clerk _jloz_

any claim of irreparable harm during the time it takes to serve Defendants through England's Central Authority.

Accordingly, Plaintiff's Motion is **DENIED**.


IT IS SO ORDERED.

Initials of Deputy Clerk  jloz