Marzena Chmielewska
30670 Lakefront Drive
Agoura Hills, California 91301
Telephone: (805) 551-0853
Email: houseofroyalgroup@gmail.com

Plaintiff in Pro Per

FILED
CLERK, U.S. DISTRICT COURT
08/28/2026
CENTRAL DISTRICT OF CALIFORNIA
BY DVE DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MARZENA CHMIELEWSKA,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTRY CLUB (NORTHILL) LTD., et al.,<br><br>Defendants. | Case No. 2:26-cv-08912-JFW (SSCx)<br><br>**PROOF OF SERVICE OF SUMMONS AND COMPLAINT UPON DEFENDANT PATRICE BATES; DECLARATION OF STEPHEN RALSTON; EXHIBITS A–B** |

# DECLARATION OF STEPHEN RALSTON

I, STEPHEN RALSTON, declare as follows:

1. I am over the age of eighteen years. I am not a party to this action, I am not an attorney for any party to this action, and I have no interest in this action. I make this declaration from my own personal knowledge. If called as a witness, I could and would testify competently to the matters stated in this declaration.

2. I am a professional process server. I am instructed in this matter by Across The Pond Process Service of 94 Henwood Green Road, Pembury, Tunbridge Wells, Kent, TN2 4LN, England.

3. In effecting the service described below, I acted as agent for Graham Henry Bridgman, a Solicitor of the Senior Courts of England and Wales, who is therefore a "competent person" of the State of destination within the meaning of Article 10(c) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Service Convention"). Mr. Bridgman was in turn acting upon the instructions of Plaintiff Marzena Chmielewska, a person interested in this judicial proceeding within the meaning of Article 10(c) of the Service Convention.

4. The documents I served in this matter (the "Service Documents") consisted of the following:

a. Hague Service Convention Summary of the Document to be Served;

b. Summons in a Civil Action;

c. Complaint;

d. Notice of Assignment to United States Judges;

e. Notice to Parties of Court-Directed ADR Program;

f. Notice to Counsel re Consent to Proceed Before a United States Magistrate Judge; and

g. Standing Order.

5. I prepared a separate and complete set of the Service Documents for each of the three defendants named in this action. Each defendant that I served received its own separate and complete set of the Service Documents, including a copy of the Summons in a Civil Action.

6. On Saturday, August 15, 2026, at 12:20 p.m. British Summer Time, I served Defendant PATRICE BATES, named in the Complaint as "Patrice Bates (a/k/a 'Patsy Bates')," with a separate and complete set of the Service Documents. I effected service by delivering the Service Documents to, and leaving them with, Patrice Bates in person, at West Barn, St Dunstans Farm, Upper Staploe, St Neots, Cambridgeshire, PE19 5JF, England.

7. Ms. Bates was present in person at that address. I identified her before effecting service, and she accepted the Service Documents into her hands.

8. Personal service upon an individual by leaving the document with that individual is a method of service prescribed by the internal law of England and Wales. See Civil Procedure Rules, rule 6.5(3)(a).

9. Under rule 6.14 of the Civil Procedure Rules, a document served within the United Kingdom is deemed served on the second business day after completion of the relevant step. The deemed date of service upon this defendant is Tuesday, August 18, 2026.

10. Attached as Exhibit A is a true and correct copy of my Witness Statement of Service in this matter, dated 18 August 2026, together with the exhibit to that Witness Statement, being the Hague Service Convention Summary of the Document to be Served.

11. Attached as Exhibit B is a true and correct copy of the Declaration of Graham Henry Bridgman, Solicitor of the Senior Courts of England and Wales, confirming the validity under the internal law of England and Wales of the method of service described above and my authority to act as his agent.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 27th August, 2026, at Bedford, England.

STEPHEN RALSTON

# EXHIBIT A

Witness Statement of Service of Stephen Ralston
dated 18 August 2026, with its exhibit,
the Hague Service Convention Summary
of the Document to be Served

# UNITED STATES DISTRICT COURT

for the Central District of California

| | | |
|---|---|---|
| MARZENA CHMIELEWSKA, Plaintiff | ) | Civil Action No: 2:26-cv-08912-JFW (SSCx) |
| v. | ) | |
| THE COUNTRY CLUB (NORTHILL) LTD., et al., Defendants | ) | |

**Witness Statement of Service in accordance with sub paragraph (c) of article 10, Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents In Civil or Commercial Matters**

I, **STEPHEN RALSTON**, Process Server, acting under the instructions of Across The Pond Process Service of 94 Henwood Green Road, Pembury, Kent, TN2 4LN, England, declare that I am over the age of 18, not a party or attorney for any party in the above matter, and say as follows:

1. In the matters detailed below I was acting as agent for Graham Henry Bridgman, a Solicitor of the Senior Courts of England and Wales and thus a competent person of the State of destination within the meaning of article 10(c) of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("the Service Convention").

2. Mr Bridgman was in turn acting upon the instructions of Marzena Chmielewska, a person interested in the judicial proceeding in question within the meaning of article 10(c) of the Service Convention.

3. In this witness statement I refer to the following documents issued in this matter, or in relation to service in accordance with the Service Convention, as "the Service Documents":

    - Hague Service Convention Summary of the Document to be Served ("the Hague Summary");
    - Summons in a Civil Action;
    - Complaint;
    - Notice of Assignment to United States Judges;
    - Notice to Parties of Court-Directed ADR Program;
    - Notice to Counsel re Consent to Proceed Before a United States Magistrate Judge; and
    - Standing Order.

4. Exhibited hereto marked 'A' are copies of the Hague Summary.

5. On Saturday the 15th day of August 2026 at 12.20 p.m., I personally served PATRICE BATES, named in the proceedings as "PATRICE BATES (a/k/a "Patsy Bates")", one of the within named Defendants, with the Service Documents, by delivering them to and leaving them with her in person at the registered office of The Country Club (Northill) Ltd at West Barn, St Dunstans Farm, Upper Staploe, St Neots, Cambs, PE19 5JF, England, which is a method of service in accordance with English Court rules. Under those rules, the deemed date of service is Tuesday the 18th day of August 2026.

6. Service has thus been effected in accordance with a method prescribed by the internal law of England and Wales and also in accordance with article 10(c) of the Convention.

ADDITIONAL COMMENTS:

I certify that I am over the age of 18 and not a party to or interested in the above action. I have proper authority in the jurisdiction in which this service was effected.

STATEMENT OF TRUTH:

I believe that the facts stated in this witness statement are true. I understand that proceedings for contempt of court may be brought against anyone who makes, or causes to be made, a false statement in a document verified by a statement of truth without an honest belief in its truth.

**Dated:** **18th August 2026**

**Signed:** ______________________

**STEPHEN RALSTON**

# UNITED STATES DISTRICT COURT

for the Central District of California

| | | |
|---|---|---|
| MARZENA CHMIELEWSKA, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No: 2:26-cv-08912-JFW (SSCx) |
| v. | ) | |
| | ) | |
| THE COUNTRY CLUB (NORTHILL) LTD., | ) | |
| et al., | ) | |
| | ) | |
| Defendants | ) | |

---

Exhibit A to the Witness Statement of **STEPHEN RALSTON**

---

This is the exhibit marked "A" to my witness statement dated today.

**Dated:** **18th August 2026**

**Signed:** ______________________

**STEPHEN RALSTON**

# SUMMARY OF THE DOCUMENT TO BE SERVED

Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, signed at The Hague, the 15th of November 1965

(Article 5, fourth paragraph)

**identite et adresse du destinataire**
identity and address of the addressee

Patrice Bates
West Barn, St Dunstans Farm
Upper Staploe, St Neots, Cambs
England, PE19 5JF
Or wherever he or she may be found in England or Wales

## TRÉS IMPORTANT

LE DOCUMENT CI-JOINT EST DE NATURE JURIDIQUE ET PEUT AFFECTER VOS DROITS ET OBLIGATIONS. LES "ÉLÉMENTS ESSENTIELS DE L'ACTE" VOUS DONNENT QUELQUES INFORMATIONS SUR SA NATURE ET SON OBJET. IL EST TOUTEFOIS INDISPENSABLE DE LIRE ATTENTIVEMENT LE TEXTE MÊME DU DOCUMENT. IL PEUT ÊTRE NÉCESSAIRE DE DEMANDER UN AVIS JURIDIQUE.

SI VOS RESSOURCES SONT INSUFFISANTES, RENSEIGNEZ-VOUS SUR LA POSSIBILITÉ D'OBTENIR L'ASSISTANCE JUDICIAIRE ET LA CONSULTATION JURIDIQUE SOIT DANS VOTRE PAYS SOIT DANS LE PAYS D'ORIGINE DU DOCUMENT.

LES DEMANDES DE RENSEIGNEMENTS SUR LES POSSIBILITÉS D'OBTENIR L'ASSISTANCE JUDICIAIRE OU LA CONSULTATION JURIDIQUE DANS LE PAYS D'ORIGINE DU DOCUMENT PEUVENT ÊTRE ADRESSÉES:

Not applicable.

## IMPORTANT

THE ENCLOSED DOCUMENT IS OF A LEGAL NATURE AND MAY AFFECT YOUR RIGHTS AND OBLIGATIONS. THE "SUMMARY OF THE DOCUMENT TO BE SERVED" WILL GIVE YOU SOME INFORMATION ABOUT ITS NATURE AND PURPOSE. YOU SHOULD, HOWEVER, READ THE DOCUMENT ITSELF CAREFULLY. IT MAY BE NECESSARY TO SEEK LEGAL ADVICE.

IF YOUR FINANCIAL RESOURCES ARE INSUFFICIENT YOU SHOULD SEEK INFORMATION ON THE POSSIBILITY OF OBTAINING LEGAL AID OR ADVICE EITHER IN THE COUNTRY WHERE YOU LIVE OR IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED.

ENQUIRIES ABOUT THE AVAILABILITY OF LEGAL AID OR ADVICE IN THE COUNTRY WHERE THE DOCUMENT WAS ISSUED MAY BE DIRECTED TO:

Not applicable.

Name and address of the requesting authority:

| |
|---|
| Marzena Chmielewska<br>30870 Lakefront Dr<br>Agoura Hills, CA 91301<br>United States of America |

Particulars of the parties:

| |
|---|
| Plaintiff: Marzena Chmielewska.<br>Defendants: The Country Club (Northill) Ltd.; Kathryn Margaret Bates; Patrice Bates. |

**JUDICIAL DOCUMENT****

Nature and purpose of the document:

| |
|---|
| Summons in a Civil Action; Complaint; Notice of Assignment to United States Judges; Notice to Parties of Court-Directed ADR Program; Notice re Consent to Proceed Before a United States Magistrate Judge; Standing Order. These documents notify the Defendant of the federal civil action and the obligation to respond. |

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:

| |
|---|
| Federal civil trademark action alleging infringement, false designation/passing off, counterfeiting, California statutory unfair competition, and common-law unfair competition. Plaintiff seeks injunctive and monetary relief; amount to be determined by the Court |

Date and place for entering appearance**:

| |
|---|
| Within 21 days after service of the summons (not counting the day of receipt), by filing an answer to the Complaint or a motion under Rule 12 with the United States District Court, Central District of California, Los Angeles, California, USA |

Court which has given judgment**:

| |
|---|
| Not applicable - no judgment has been entered. |

Date of judgment**:

| |
|---|
| Not applicable - no judgment has been entered. |

Time-limits stated in the document**:

| |
|---|
| 21 days after service of the summons (not counting the day of receipt). |

**EXTRAJUDICIAL DOCUMENT****

Nature and purpose of the document**:

| |
|---|
| Not applicable. |

Time-limits stated in the document**:

| |
|---|
| Not applicable. |

** Delete if inappropriate.

# EXHIBIT B

Declaration of Graham Henry Bridgman,
Solicitor of the Senior Courts
of England and Wales

Marzena Chmielewska
30670 Lakefront Drive
Agoura Hills, California 91301
Telephone: (805) 551-0853
Email: houseofroyalgroup@gmail.com

Plaintiff in Pro Per

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MARZENA CHMIELEWSKA,<br><br>Plaintiff,<br><br>v.<br><br>THE COUNTRY CLUB (NORTHILL) LTD., et al.,<br><br>Defendants. | Case No. 2:26-cv-08912-JFW (SSCx)<br><br>**DECLARATION OF GRAHAM HENRY BRIDGMAN IN SUPPORT OF PROOFS OF SERVICE UPON ALL DEFENDANTS** |

## DECLARATION OF GRAHAM HENRY BRIDGMAN

I, GRAHAM HENRY BRIDGMAN, declare as follows:

1. I am a Solicitor of the Senior Courts of England and Wales. I was admitted to the Roll of Solicitors on 15 March 1984, and I hold a current practising certificate issued by the Solicitors Regulation Authority. My professional address is 1 Gordon Palmer Close, Mortimer, RG7 3PZ, England. I make this declaration from my own personal knowledge. If called as a witness, I could and would testify competently to the matters stated in this declaration.

2. I am familiar with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Service Convention") and with the internal law of England and Wales governing the service of documents.

3. Article 10(c) of the Service Convention provides that, provided the State of destination does not object, the Convention shall not interfere with "the freedom of any person interested in a judicial proceeding to effect service of judicial documents directly through the judicial officers, officials or other competent persons of the State of destination."

4. The United Kingdom has not objected to Article 10(c) of the Service Convention. By its declaration to the Service Convention, the United Kingdom stated that documents for service through official channels will be accepted in the United Kingdom only by the central or additional authorities and only from judicial, consular or diplomatic officers of other Contracting States. By a subsequent clarification communicated to the Permanent Bureau of the Hague Conference on Private International Law in 1980, the United Kingdom confirmed that that declaration does not preclude any person in another Contracting State who is interested in a judicial proceeding, including his lawyer, from effecting service in the United Kingdom directly through a competent person other than a judicial officer or official, and specified that a solicitor was such a competent person.

5. For the purposes of Article 10(b) and Article 10(c) of the Service Convention, a process server who is not a solicitor is not identified in the declaration as a competent person for the purposes of those provisions, but may lawfully effect service as the agent of a solicitor.

6. I was instructed in this matter by Plaintiff Marzena Chmielewska. Ms. Chmielewska is a person interested in this judicial proceeding within the meaning of Article 10(c) of the Service Convention.

7. Acting upon those instructions, I instructed Across The Pond Process Service and Stephen Ralston, a professional process server, to effect service of the documents in this action upon the three defendants as my agent. Mr. Ralston acted under my instruction and supervision throughout.

8. Before service was attempted, I reviewed the documents to be served and the proposed methods of service, and satisfied myself that the proposed methods were valid under the internal law of England and Wales.

9. After service was effected, I reviewed and approved each of the three Witness Statements of Service signed by Mr. Ralston and dated 18 August 2026.

10. I confirm that each of the following is a method of service prescribed by the internal law of England and Wales for the service of civil proceedings in the High Court and the County Court, being the courts of general civil jurisdiction in England and Wales:

a. as to Defendant The Country Club (Northill) Ltd., service by leaving the documents at the company's registered office (Civil Procedure Rules, rule 6.3(2)(b) and Companies Act 2006, section 1139(1)), and personal service by leaving the documents with a director of the company, being a person holding a senior position within the company (Civil Procedure Rules, rule 6.5(3)(b); Practice Direction 6A, paragraph 6.2); and

b. as to Defendants Kathryn Margaret Bates and Patrice Bates, personal service by leaving the documents with the individual (Civil Procedure Rules, rule 6.5(3)(a)).

11. Under rule 6.14 of the Civil Procedure Rules, a document served within the United Kingdom is deemed served on the second business day after completion of the relevant step. The deemed date of service upon each of the three defendants is Tuesday, August 18, 2026.

12. It is my professional opinion that service upon each of the three defendants in this action was effected in accordance with a method of service prescribed by the internal law of England and Wales, and in accordance with Article 10(c) of the Service Convention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on 26 August, 2026, at Mortimer, England.

GRAHAM HENRY BRIDGMAN